# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VALIENTE LOPEZ,<br><br>               Plaintiff,<br><br>   v.<br><br>LAWRENCE MARTIN,<br><br>              Defendant. | NO: 4:17-CV-5015-RMP<br><br>ORDER DENYING CONSTRUED MOTION FOR RECONSIDERATION |

By Order filed June 9, 2017, the Court dismissed Plaintiff's complaint and entered judgment. ECF Nos. 8 and 9. Mr. Lopez had failed to comply with 28 U.S.C. § 1915(a)(2) by providing a statement of his inmate account (or institutional equivalent) for the six months immediately preceding the submission of his complaint on February 16, 2017, and he did not pay the full filing fee to commence this action as required by 28 U.S.C. § 1914.

By letter received on June 30, 2017, Plaintiff asks the Court to reconsider the dismissal order, re-open his case and allow him to proceed. The Court liberally construes this *pro se* letter as a Motion for Reconsideration, ECF No. 10. *See*

ORDER DENYING CONSTRUED MOTION FOR RECONSIDERATION -- 1

*Haines v. Kerner*, 404 U.S. 519, 520 (endorsing liberal construction of *pro se* pleadings). The motion was considered without oral argument in the context of the full docket and the relevant law.

A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "A district court may properly reconsider its decision if it '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *School Dist. No. 1J*, 5 F.3d at 1263). "There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J*, 5 F.3d at 1263.

On April 11, 2017, and June 9, 2017, documents were sent electronically to Plaintiff at the Coyote Ridge Corrections Center. By letter received on June 30, 2017, Plaintiff advises the Court that he had been transferred to the Monroe Correctional Complex shortly after he submitted his complaint in February 2017.

Plaintiff clearly and repeatedly was instructed that it was his responsibility to keep the Court apprised of his current address. There is no record of Plaintiff having notified the Court of his transfer to the Monroe Correctional Complex prior to June 30, 2017. Therefore, Plaintiff alone is responsible for not receiving the

ORDER DENYING CONSTRUED MOTION FOR RECONSIDERATION -- 2

1 | Order to Comply with Filing Fee Requirements issued on April 11, 2017, ECF No. 7.

The Court finds no basis to reconsider the Order entered June 9, 2017, and to re-open this case. The dismissal of this action was without prejudice. If Plaintiff wishes to file a new and separate action in which he promptly complies with the filing fee requirements, he is free to do so. This action shall remain **CLOSED.**

**IT IS ORDERED** the construed Motion for Reconsideration, ECF No. 10, is **DENIED**. **IT IS FURTHER ORDERED** that the superfluous application to proceed *in forma pauperis,* ECF No. 11, is **STRICKEN**.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, and forward copies to Plaintiff at his last known address. The Court certifies that any appeal of this decision would not be taken in good faith.

**DATED** July 12, 2017.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge